IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BENJAMIN JOE GIRON, | § | CASE NO. 20-31151-HCM-CH13 |
| | § | |
| DEBTOR, | § | |
| | § | |
| MDJJ REAL ESTATE, LLC, | § | |
| MOVANT, | § | |
| | § | |
| v. | § | |
| | § | |
| BENJAMIN JOE GIRON, MELENDRES | § | |
| HOME, LLC and STUART C. COX, | § | |
| CHAPTER 13 TRUSTEE, | § | |
| RESPONDENTS. | § | |

## MOTION TO DETERMINE LACK OF AUTOMATIC STAY AND WAIVER OF THIRTY-DAY HEARING REQUIREMENT

**TO THE HON. H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, MDJJ REAL ESTATE, LLC, ("Movant") by and through the undersigned attorney, and files this Motion to Determine Lack of Automatic Stay and Waiver of Thirty-Day Hearing Requirement in the above-styled and numbered cause. Movant would respectfully show the Court as follows:

### NOTICE

**THIS PLEADING REQUESTS RELIEF WHICH MAY BE ADVERSE TO YOUR INTEREST.**

**IF NO TIMELY RESPONSE IS FILED WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

### WAIVER OF THIRTY DAY REQUIREMENT

**MOVANT DESIRES TO WAIVE THE REQUIREMENT OF A HEARING WITHIN THIRTY (30) DAYS UNDER §362(e) AND REQUESTS A HEARING AT THE NEXT AVAILABLE DATE.**

1. On November 2, 2020, Debtor filed for relief under Chapter 13 of Title 11, United States Code. Debtor's Plan has not yet been confirmed.

2. Upon information and belief, Melendres Home, LLC, is a single asset real estate corporation wholly owned by the Debtor.

3. At the time of filing the Chapter 13 petition, Melendres Home, LLC was indebted to Movant pursuant to a Promissory Note executed on May 18, 2018, in the original amount of ONE HUNDRED EIGHTY-EIGHT THOUSAND AND NO/100THS DOLLARS ($188,000.00) with interest thereon at the rate of 10% per annum. The Promissory Note was executed by Benjamin Giron as Manager of Melendres Home, LLC. A copy of the Promissory Note is attached hereto as Exhibit A and incorporated herein for all purposes.

3. The obligation of Melendres Home, LLC to pay the indebtedness is secured by a Deed of Trust dated May 18, 2018, on real property with all improvements known as:

> LOTS 4 AND 5, LA LOMITA SUBDIVISION, LOCATED IN THE CITY OF LAS CRUCES, COUNTY OF DONA ANA, STATE OF NEW MEXICO, AS SHOWN ON PLAT THEREOF RECORDED ON MARCH 16, 1951 AS PLAT NO. 388, RECORDS OF DONA ANA.

A copy of the Deed of Trust is attached hereto as Exhibit B and incorporated herein for all purposes.

4. At the time of filing, Melendres Home, LLC was seven (7) months in arrears. The Debtor's plan provides that the debt of Melendres Home, LLC be paid through his Chapter 13. The Debtor acknowledges in his Plan under paragraph 7.5 that the property and debt belong to Melendres Home, LLC. Movant asserts that Melendres Home, LLC is not eligible to be a debtor

under Chapter 13 pursuant to 11 U.S.C. §109 which provides that "[o]nly an individual with regular income … may be a debtor under Chapter 13 of this title." Melendres Home, LLC is a limited liability corporation and is therefore not eligible to be a Debtor under Chapter 13.

5. Further, in the event the Debtor asserts a co-debtor stay is in effect, Movant would show that the Debtor is not a co-debtor inasmuch as he signed the documents as manager of the corporation. In fact, the Debtor does not list Melendres Home, LLC as a co-debtor on Schedule H. Movant would also assert that the Co-Debtor stay of 11 U.S.C. §1301 does not apply. Section 1301(a) provides that "a creditor may not act … to collect … a *consumer debt* of the debtor from any *individual* that is liable on such debt with the debtor…" (emphasis added). Melendres Home, LLC is not an individual and the debt in question is not a consumer debt.

6. By reason of the foregoing, Movant would assert that there is no stay in effect and that Movant may proceed to foreclose in accordance with its Deed of Trust.

7. A copy of the proposed order is attached hereto.

WHEREFORE, PREMISES CONSIDERED, MDJJ REAL ESTATE, LLC, Movant, prays that this Court enter an order after notice and hearing that there is no stay in effect as to Melendres Home, LLC and that Movant may proceed to foreclose in accordance with its Deed of Trust and being reimbursed for its reasonable attorney's fees and expenses; and the Movant be granted such other and further relief as is just.

DATED this 20th day of November, 2020.

RESPECTFULLY SUBMITTED,

THE LAW OFFICES OF CHERYL S. DAVIS, PC
Attorneys for Movant
11601 Pellicano Dr., Bldg. B-18
El Paso, Texas 79936
(915) 565-9000
(915) 565-9191 (fax)

By: /s/ Cheryl S. Davis
CHERYL S. DAVIS
SBN: 24002456

**CERTIFICATE OF SERVICE**

I hereby certify that true and correct copy of the foregoing was mailed to Mr. Benjamin Giron, 5401 Montoya, El Paso, TX 79932; Mr. Timothy Daniel, attorney for Debtor, 602 Mississippi Ave., El Paso, TX 79902; Melendres Home, LLC, 595 N. Melendres Street, Las Cruces, NM 88005; and via the Court's electronic mail to Stuart C. Cox, Chapter 13 Trustee, 1760 N. Lee Trevino, El Paso, TX 79936; and the United States Trustee, P.O. Box 1539, San Antonio, TX 78295 on the 20th day of November, 2020.

/s/ Cheryl S. Davis
CHERYL S. DAVIS