# PROMISSORY NOTE

May 18, 2018                                                                                                               $188,000.00

1. **Obligation.** For value received, MELEDRES HOME, LLC, a Texas Limited Liability Company and Benjamin Giron (the "Maker") (whether one or more), jointly and severally promise to pay to the order MDJJ REAL ESTATE, LLC, a Texas Limited Liability Company (the "Payee"), the principal sum of One Hundred Eighty Eight Thousand and No/100 Dollars ($188,000.00), and bearing interest at the rate of ten percent (10%) per annum.

2. **Payment.** This Note shall be payable in equal monthly installments of One Thousand Six Hundred Forty Nine and 83/100 Dollars ($1,649.83) commencing July 1, 2018 and continuing on the first (1st) day of each month thereafter until June 1, 2028, at which time all principal and accrued interest shall be due and payable in full.

3. **Past Due Interest.** At the option of the Payee, any past due amounts of principal shall bear interest at the rate of eighteen percent (18%) per annum from the due date until paid, or the Maker shall pay a late charge equal to ten percent (10%) of the amount of any past due installment. Payments shall be deemed past due if not received by Payee within five (5) days of the due date. There shall also be a $30 charge fee for NSF checks.

4. **Security.** This Note is secured by a Mortgage and/or Deed of Trust of even date from the Maker in favor of Payee concerning the real property and improvements as described on Exhibit "A", attached hereto and referenced therein (the "Security Document").

5. **Place of Payment.** Payment shall be made to Payee c/o Uprising Investments, which shall also be the servicing agent on this Note (the "Servicing Agent"), at P. O. Box 220255, El Paso, Texas 79913, or such other place as Payee may direct. Payment of annual property taxes and annual property insurance premiums are required during the term of this Note, to be directly paid by Maker, Payee requires Maker to deposit with Servicing Agent in an escrow account monthly in pro-rated amounts ($1/12^{th}$ each month) such taxes in the amount of $157.25 per month and insurance premiums in the amount of $149.58 per month. Escrow payments, and a reasonable servicing fee shall be payable to the Servicing Agent, and shall be made to the Servicing Agent at the address listed above, or such other place as Payee may direct.

6. **Prepayment and Payments.** Maker may make partial prepayments of the principal of this Note at any time without any prepayment penalty.

7. **Default.** Any one or more of the following events or conditions shall constitute a default under this Note: (a) failure by the Maker to timely make any installment due; (b) filing by or against the Maker of an assignment for benefit of creditors or bankruptcy proceedings; (c) failure by the Maker to timely perform any term, condition, or covenant herein; (d) any default by the Maker under any other promissory note or agreement between the Maker and the Payee; or (e) any default under the Security Document. If default occurs, the Payee may, then or at any time thereafter, without notice and at its option, accelerate the maturity of this Note and declare all of the unpaid principal balance, together with all accrued interest, fees, and charges, to become due and payable, and may exercise any rights and remedies available to it at law or equity.

8. <u>Usury Savings</u>. It is the express intent of the parties at all times to strictly comply with applicable law governing the maximum rate or amount of interest payable under this Note or in connection with this transaction. It is therefore agreed as follows that: (a) in the event the maturity is accelerated, or if all or any part of the Note is prepaid prior to maturity, any and all unearned interest shall be canceled automatically, or if paid, at the Payee's option, shall either be refunded to the Maker or credited on the unpaid principal balance of this Note; (b) the aggregate of all interest and other charges constituting interest under applicable law and contracted for, chargeable, or receivable under this Note or in connection with this transaction shall never exceed the maximum amount of interest which the Payee may contract for, charge, or receive from the Maker under applicable law and in regard to which the Maker may not successfully assert the claim or defense of usury; and (c) if any excess interest is provided for, it shall be deemed a mistake and the same, at the Payee's option, shall either be refunded to the Maker or credited on the unpaid principal balance and the Note and any agreement shall be automatically deemed reformed so as to permit only the collection of the maximum non-usurious rate and amount of interest allowed under applicable law. All sums paid or agreed to be paid for the use, forbearance, or detention of the indebtedness evidenced by this Note, shall, to the full extent permitted by applicable law, be amortized, prorated, allocated, and spread through the full term of this Note. The right to accelerate maturity does not include the right to accelerate any interest which has not otherwise accrued on the date of such acceleration, and the Payee does not intend to collect any unearned interest in the event of acceleration.

9. <u>Waiver</u>. The Maker and all endorsers, guarantors, sureties, and accommodation parties of this Note, both before and after maturity, expressly agree as follows: (a) to waive any and all protest, notice of protest, demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, notice of dishonor, bringing of suit, and diligence in taking any action to collect any amounts called for by this Note; (b) to consent to and waive notice of any one or more renewals, extensions, or modifications of this Note, regardless of whether the time for payment, interest rate, or terms are thereby modified or whether the Maker and/or some other persons are thereby benefited, and regardless of the length of term of the renewal, extension, or modification; (c) it will not be necessary for the Payee, in order to enforce payment of this Note, to first institute suit against, or to exhaust the Payee's remedies against the Maker or any other party liable under this Note; (d) this Note, and any part thereof, shall be paid without claim of set-off, counterclaim, or deduction of any nature or for any cause whatsoever; and (e) time is of the essence with respect to the Maker' obligations under this Note.

10. <u>Applicable Law</u>. **THIS NOTE SHALL BE GOVERNED IN ALL RESPECT, INCLUDING WITHOUT LIMITATION VALIDITY, INTERPRETATION AND EFFECT, BY AND SHALL BE ENFORCEABLE IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW MEXICO.**

11. <u>Miscellaneous</u>. The Maker agrees to pay to the Payee all reasonable costs and expenses, including attorney's fees, incurred in connection with the collection, enforcement, or interpretation of this Note, or any part or provision thereof. The term "Payee" includes subsequent holders of this Note. The rights and remedies of the Payee under this Note, and the exercise thereof, shall be without prejudice to the enforcement of any other right or remedy authorized by law of this Note, or the Security Document. This Note, and every provision thereof, shall be binding upon and shall inure to the benefit of the parties hereto, and their respective heirs, personal representatives, devisees, legatees, successors, and assigns. Wherever the context shall require, the singular shall include the plural, and the male gender shall include the female gender and the neuter, and vice versa. The headings, captions, and

arrangements used in this Note are for convenience only and shall not affect the interpretation of this Note. No consent or waiver, express or implied, by the Payee to any breach or deviation from any covenant, condition or duty by the Maker shall be deemed a consent or waiver to any other breach of the same or any other covenant, condition or duty. Delay in exercising, or partial exercise of the Payee's rights and remedies shall not constitute a waiver of the same. Any renewal, extension, waiver or modification of this Note must be in writing and signed by or the Maker and the Payee.

12. Entire Agreement. THIS NOTE, ALONG WITH THE SECURITY DOCUMENT, REPRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES AS TO THE DEBT EVIDENCED BY THIS NOTE AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES AS TO SUCH DEBT.

EXECUTED as of the __18th__ day of __May__, 2018.

MELEDRES HOME, LLC, a Texas Limited Liability Company

By: _____
Name: _Benjamin Giron_
Title: _Manager_

_____ Manager
BENJAMIN GIRON