UNITED STATES BANKRUTPCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BENJAMIN JOE GIRON, ) | |
| ) | |
| Debtor, ) | |
| ) | |
| L&M OKUBO MANAGEMENT & ) | |
| SERVICES, LLC, ) | Cause No. 20-31151-hcm |
| ) | Chapter 13 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | |
| BENJAMIN JOE GIRON, ) | |
| ) | |
| Respondent. ) | |

<u>L&M OKUBO MANAGEMENT & SERVICES, LLC'S FIRST AMENDED MOTION FOR
RELIEF FROM THE AUTOMATIC STAY REGARDING REAL ESTATE,
5405 MONTOYA DRIVE, EL PASO, TEXAS AND, ALTERNATIVELY,
FOR ADEQUATE PROTECTION, WITH WAIVER OF 30-DAY HEARING
AND REQUEST FOR EL PASO SETTING</u>

TO DEBTOR, CREDITORS, AND ALL INTERESTED PARTIES:

    THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.

    IF NO TIMELY RESPONSE IS FILED WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.

    A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUTPCY JUDGE:

    Movant, L&M OKUBO MANAGEMENT & SERVICES, LLC ("Movant"), a secured creditor in this case, moves for relief from the automatic stay of 1 U.S.C. Section 362 and, alternatively, for adequate protection.

    This Amended Motion is filed solely for the purpose of attaching the proposed Order, which was inadvertently omitted from the original Motion filed in this matter.

1. This Amended Motion is brought pursuant to 11 U.S.C. Sections 362 and 361 and in accordance with Rules 4001 and 9014 of the Bankruptcy Rules. This Court has jurisdiction over this Amended Motion and the issues raised herein by virtue of 28 U.S.C. Sections 157(a) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (G).

2. The petition date in this case is November 2, 2020. Debtor filed this case on the brink of a foreclosure by Movant. The foreclosure was scheduled for November 3, 2020. (*See* Exhibit "A," attached hereto and incorporated herein.)

3. On December 23, 2019, BENJAMIN JOE GIRON ("Debtor") executed a Promissory Note in the original principal amount of $187,500.00 (the "Note") payable to the order of L&M Okubo Management & Services, LLC, a Texas limited liability company.

4. The Note is secured by a Deed of Trust lien (the "Deed of Trust") in the original amount of One Hundred Eighty-Seven Thousand One Hundred Fifty and 00/100 Dollars ($187,150.00) with interest thereon at the rate of 9.999% per annum. The Deed of Trust was corrected by a Correction Deed of Trust executed on January 22, 2020, which Correction Deed of Trust corrects the maturity date of the Note. A copy of the Corrected Deed of Trust is attached hereto as Exhibit "B." The Note, Deed of Trust, and Correction Deed of Trust cover the following real property (the "Property"):

> Lot 1, Block 2, CLOVERDALE SUBDIVISION, an Addition to the City of El Paso, El Paso County, Texas, according to the Plat thereof recorded in Volume 7, Page 39, Plat Records of El Paso County, Texas (municipally known and numbered as 5405 Montoya Drive, El Paso, Texas).

5. Debtor's Chapter 13 Bankruptcy Plan (the "Plan"), at Section 7.5, provides that Debtor will pay the monthly payment owed to Movant pursuant to the Note that is secured by the Property, which payment is to be made to Movant directly from the Debtor. The petition date in Debtor's Chapter 13 bankruptcy was November 2, 2020. The Note provides that monthly payments to Movant are to be made on or before the 23rd day of each month until the Note is paid in full. The Plan provides for payment of the arrearage owed prior to the bankruptcy filing, but provides that amounts owed pursuant to the Note after November 2, 2020 are to be paid by Debtor directly to Movant.

6. As of the date of this Amended Motion, which is more than a week after the first post-petition monthly payment was to be paid directly to Movant by Debtor, Debtor has failed to make this monthly payment.

7. Before Debtor filed his Petition in this case, Debtor was in default according to the terms and conditions of the Note and the Correction Deed of Trust. No payments of any kind have been made since April, 2020. On the petition date, November 2, 2020, the indebtedness is as follows:

| | |
|---|---|
| Unpaid principal: | $185,949.11 |
| Post-Petition arrears as of this date: | $ 14,443.62 |

8. As stated herein, Debtor has failed to maintain current in post-petition payments due under the Note and is presently in arrears.

9. The Note calls for monthly payments of principal and interest in the amount of $2,407.27 or more each, beginning on January 23, 2020. Debtor filed his Petition on November 2, 2020. The Borrower failed to make the total payment on the Note for the months of May, June, July, August, September, October and November, 2020. The Debtor remains in possession of the Property. The Debtor owes seven (7) payments of principal and interest of $1,805.91 each, seven (7) payments for tax and insurance escrows of $576.36 each, seven (7) payments of service fees of $25.00 each, and accrued late charges of $601.80, as well as pre-petition attorney's fees of $750.00 related to Debtor's pre-petition defaults, for a total of $18,202.69.

10. Debtor appears to be unable to make the payments of principal, interest, taxes, and insurance, resulting in a continuing loss to Movant.

11. Movant has had to hire the undersigned attorney for the prosecution of this Amended Motion and has incurred reasonable attorney's fees of $1,5000.00 plus costs of filing, being $188.00.

12. The Property is not necessary for an effective reorganization.

13. Debtor and the Property are not entitled to the protection under 11 U.S.C. §1301, et seq. for two reasons.

14. First, Debtor is not entitled to bankruptcy protection under Chapter 13 because he lacks "regular income." Section 109(e) provides that "[o]nly an individual with regular income [. . .] may be a debtor under chapter 13 of this title." 11 U.S.C. §109(e). Debtor does not have regular income. In Schedule J, Debtor has indicated that he may have income in the future, which he calls "ESTIMATED AVERAGE FUTURE . . . MONTHLY INCOME," from three convalescent home businesses operated by three limited liability companies, 5401 Montoya Drive El Paso, Texas, LLC, Meledres Home, LLC, and Light House Senior Care, LLC.

15. Second, Debtor is not entitled to Chapter 13 relief because, according to his schedules, Debtor's secured debt exceeds the maximum threshold allowed by the code. Section 109(e) provides that "[o]nly an individual [. . .] that owes, on the date of the filing of the petition [. . .] noncontingent, liquidated, *secured debts of less than $1,257,850* [. . .] may be a debtor under chapter 13 of this title." 11 U.S.C. §109(e) (emphasis added). Here, the Debtor's secured debt totals $1,323.248.11 (*See* Doc. #9 at 19), disqualifying Debtor from Chapter 13 relief.

16. Movant seeks relief from stay under Section 362(d)(2) in relation to the Property to allow Movant to pursue its State court remedies against the Property and Debtor, including, but not limited to foreclosure.

17. Movant seeks relief from stay for cause because under Section 362(d)(1) in relation to the Property to allow Movant to pursue its State court remedies against the Property and Debtor, including, but not limited to foreclosure.

18. In the alternative, Movant seeks adequate protection.

WHEREFORE, Movant prays that, pursuant to Section 362(d) of the Bankruptcy Code, this Court order:

A. Relief from the automatic stay to allow Movant to prosecute its State court remedies against the Property;

B. That the stay relief and the Order be effective for six (6) months whether or not this case is converted or dismissed, and whether or not Debtor files another bankruptcy case under any chapter during the said six (6) month period;

C. That the 14-day post-entry stay of Bankruptcy Rule 4001(a)(3) be vacated in relation to the order for stay relief;

D. Alternatively, adequate protection;

E. Debtor to pay reasonable attorney's fees in the amount of $1,500.00, plus $181.00 filing fees and other costs of Court;

F. All further relief the Court shall deem appropriate and just under the circumstance.

Respectfully Submitted,

GUEVARA, BAUMANN, COLDWELL & REEDMAN, LLP
4171 North Mesa Street, Suite B-201
El Paso, Texas 79902
Tel.: (915) 544-6646
Fax.: (915) 544-8305

By: _____
Lane C. Reedman
Texas State Bar No. 16698400

Attorneys for L&M OKUBO MANAGEMENT & SERVICES, LLC

CERTIFICATE OF SERVICE

I do hereby certify that on the 7th day of December, 2020, a true and correct copy of the foregoing instrument was serviced by first-class mail upon Debtor at his mailing address, 5401 Montoya Drive, El Paso, Texas 79932, and the persons and entities identified in the attached matrix as well.

_____
LANE C. REEDMAN

Doc# 00000000056
#Pages 1  #NFPages 1
10/13/2020 2:32:52
Filed & Recorded in
Official Records of
El Paso County
Delia Briones
County Clerk
Fees $13.00

# NOTICE OF FORECLOSURE SALE

October 9, 2020

**DEED OF TRUST:**

| | |
|---|---|
| Dated: | December 20, 2019 |
| Grantor: | BENJAMIN JOE GIRON |
| Grantor's Address: | 5405 Montoya Drive, El Paso, El Paso County, Texas 79932 |
| Trustee: | LANE C. REEDMAN |
| Trustee's Address: | 4171 North Mesa Street, Suite B-201, El Paso, El Paso County, Texas 79902 |
| Lender: | L & M OKUBO MANAGEMENT & SERVICES, LLC |
| Lender's Address: | 5604 Melody Lane, El Paso, El Paso County, Texas 79932 |
| Record In: | Document # 201900998245 and corrected on January 22, 2020 and refiled in Document #20200006163 in the Official Public Records of El Paso County, Texas; |
| Legal Description: | Lot 1, Block 2, CLOVERDALE SUBDIVISION, an Addition to the City of El Paso, El Paso County, Texas, according to the Plat thereof on file in Volume 7, Page 39, of the Real Property Records of El Paso County, Texas, and municipally known and numbered as 5405 Montoya Drive, El Paso, Texas 79932 |
| Secures: | Promissory Note dated December 23, 2019 in the original principal amount of One Hundred Eighty-Seven Thousand One Hundred Fifty and No/100 Dollars ($187,150.00) (the "Note) executed by BENJAMIN JOE GIRON (Borrower") and payable to the order of Lender. |
| Property: | The real property, improvements, and personal property described in and mortgaged in the Deed of Trust. |

**FORECLOSURE SALE:**

| | |
|---|---|
| Date: | November 3, 2020 |
| Time: | The sale of the Property will be held between the hours of 10:00 A.M. and 4:00 P.M. local time; **the earliest time at which the Foreclosure Sale will begin is 1:00 P.M. and not later than three (3) hours thereafter.** |
| Place: | **El Paso County Courthouse, 500 East San Antonio Street, El Paso, Texas, as designated by the Commissioners Court for the sales of property under Tex. Prop. Code §51.002 in El Paso County, Texas.** |
| Terms of Sale: | **The Foreclosure Sale will be conducted as a public auction and the Property will be sold to the highest bidder for cash, except that** |

EXHIBIT "A"

**Lender's bid may be by credit against the indebtedness secured by the lien of the Deed of Trust.**

Default has occurred in the payment of the Note and the performance of the obligations of the Deed of Trust. Because of that default, Lender, the owner and the holder of the Note, has requested Substitute Trustee to sell the Property.

The Deed of Trust may encumber both real and personal property. Formal notice is hereby given of the Lender's election to proceed against and sell both the real property and any personal property described in the Deed of Trust in accordance with Lender's rights and remedies under the Deed of Trust and Section 9.604(a) of the Texas Business and Commerce Code.

Therefore, notice is given that on and at the Date, Time, and Place for the Foreclosure Sale described above, Substitute Trustee will sell the Property in accordance with the Terms of Sale described above, the Deed of Trust, and applicable Texas law.

If Lender passes the Foreclosure Sale, notice of the date of any rescheduled foreclosure sale will be reposted and refiled in accordance with the posting and filing requirements of the Deed of Trust and the Texas Property Code.

The Foreclosure Sale will be made expressly subject to any title matters set forth in the Deed of Trust, but prospective bidders are reminded that by law the Foreclosure Sale will necessarily be made subject to all prior matters of record affecting the Property, if any, to the extent that they remain in force and effect and have not been subordinated to the Deed of Trust. For the avoidance of doubt, the Foreclosure Sale will not cover any part of the Property that has been released of public record from the lien and/or security interest of the Deed of Trust by Lender. Prospective bidders are strongly urged to examine the applicable property records to determine the nature and extent of such matters, if any.

Pursuant to Section 51.009 of the Texas Property Code, the Property will be sold **"AS IS," without any expressed or implied warranties, except as to the warranties (if any) provided for under the Deed of Trust.** Prospective bidders are advised to conduct an independent investigation of the nature and physical condition of the Property.

Pursuant to Section 51.0075(a) of the Texas Property Code, Substitute Trustee reserves the right to set further reasonable conditions for conducting the Foreclosure Sale. Any such further conditions shall be announced before bidding is opened for the first sale of the day held by Substitute Trustee.

**Assert and protect your rights as a member of the Armed Forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the national Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this Notice immediately.**

GUEVARA, BAUMANN, COLDWELL & REEDMAN, LLP

By: _/s/ Lane C. Reedman_____
Lane C. Reedman, Trustee and Attorney for Lender

| STATE OF TEXAS | § |
|---|---|
| | § |
| COUNTY OF EL PASO | § |

**BEFORE ME**, the undersigned authority, on this day personally appeared Lane C. Reedman, attorney and Trustee for Lender, L & M OKUBO MANAGEMENT & SERVICES, LLC, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration, and in the capacities, therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 9th day of October, 2020.

DEBRA P. KELLOGG
Notary Public, State of Texas
Comm. Expires 04-12-2021
Notary ID 154086

Notary Public in and for the State of Texas
My commission expires: 4/12/2021

609 899 8P8·105
ncF

# CORRECTION DEED OF TRUST

Notice of confidentiality rights: If you are a natural person, you may remove or strike any or all of the following information from any instrument that transfers an interest in real property before it is filed for record in the public records: your Social Security number or your driver's license number.

This Correction Deed of Trust is made to correct the original Deed of Trust filed on December 23, 2019, under Document Number 20190098245. This Correction Deed of Trust simply corrects the maturity date on the original Deed of Trust which was incorrectly stated as December 23, 2049.

## Basic Information

Date: *Jan - 22*, 2020

Grantor: BENJAMIN JOE GIRON

Grantor's Mailing Address: 5405 Montoya Drive, El Paso, El Paso County, Texas 79932

Trustee: LANE C. REEDMAN

Trustee's Mailing Address: 4171 North Mesa Street, Suite B-201, El Paso, El Paso County, Texas 79902

Lender: L & M OKUBO MANAGEMENT & SERVICES, LLC

Lender's Mailing Address: c/o Mills Escrow, 906 North Mesa Street, Suite 101, El Paso, El Paso County, Texas 79902

Obligation

    Note

        Date: December 23, 2019

        Original principal amount: ONE HUNDRED EIGHTY-SEVEN THOUSAND ONE HUNDRED FIFTY AND NO/100THS DOLLARS ($187,150.00)

        Borrower: BENJAMIN JOE GIRON

        Lender: L & M OKUBO MANAGEMENT & SERVICES, LLC

        Maturity date: December 23, 2039

    Other Debt: N/A

Property: Lot 1, Block 2, CLOVERDALE SUBDIVISION, an Addition to the City of El Paso, El Paso County, Texas, according to the plat thereof recorded in Volume 7, Page 39, of the Real Property Records of El Paso County, Texas, and municipally known and numbered as 5405 Montoya Drive, El Paso, Texas 79932.

Prior Lien: N/A.

1

C:\Users\NFederic\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\5OT2A8PB\LMOkubo.Giron.5405MontoyaDrive.DOT (003).do

EXHIBIT "B"

Other Exceptions to Conveyance and Warranty: Validly existing easements, rights-of-way, prescriptive rights, restrictions and reservations, whether of record or not; all presently recorded and validly existing instruments, other than conveyances of the surface fee estate, that affect the Property, and more particularly:

1. Restrictive Covenants recorded in Volume 1300, Page 463, and Volume 1442, Page 43, Real Property Records, El Paso County, Texas.

2. Any discrepancies, conflicts, or shortages in area or boundary lines, or any encroachments, or protrusions or any overlapping of improvements.

3. Claims by the Tigua Indian Tribe of the Ysleta del Sur Pueblo evidenced by an Affidavit concerning the filing of Notice of Claim to the Ysleta Grant and Aboriginal Title Areas, executed by Julian Granillo, Governor of the Ysleta Del Sur Pueblo Indian Tribe also known as the Tigua Indian Community, dated April 12, 1993, recorded in Volume 2553, Page 1958, Film Records of El Paso County, Texas.

4. Rights of parties in possession.

5. Utility easements as shown on plat, including easements for the overhang of service wires for pole type utilities and buried service wires, conduits, and pipes for underground utilities as dedicated on the plat, recorded in Volume 7, Page 39, Plat Records of El Paso County, Texas.

6. A 40 foot minimum and 50 foot maximum front setback line; a 5 foot interior setback line, and a 30 foot rear setback line as set out in the restrictions recorded in Volume 1442, Page 53, Real Property Records of El Paso County, Texas.

7. Contracts, taxes, construction charges, and rights-of-way for irrigation and drainage ditches applicable to property in El Paso County Water Improvement District No. 1.

8. Water rights under El Paso County Water Improvement District No. 1, which have been assigned to the City of El Paso, Public Service Board by instrument in Volume 2464, Page 0046, Real Property Records of El Paso County, Texas.

9. Reservation of water rights in Volume 1299, Page 243, Real Property Records of El Paso County, Texas.

10. Mineral interest as set out in instrument recorded in Volume 626, Page 478, Real Property Records of El Paso County, Texas.

11. All leases, grants, exceptions or reservations of coal, lignite, oil, gas and other minerals, together with all rights, privileges, and immunities relating thereto, appearing in the Public Records.

12. Standby fees and taxes for the current year and subsequent years.

A. **Granting Clause**

2

C:\Users\NFederic\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\5OT2A8PB\LMOkubo.Giron.5405MontoyaDrive.DOT (003).docx

For value received and to secure payment of the Obligation, Grantor conveys the Property to Trustee in trust. Grantor warrants and agrees to defend the title to the Property, subject to the Other Exceptions to Conveyance and Warranty. On payment of the Obligation and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Lender will release it at Grantor's expense.

**B.     Grantor's Obligations**

*B.1.*     Grantor agrees to maintain all property and liability insurance coverages with respect to the Property, revenues generated by the Property, and operations on the Property that Lender reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Lender, and as to property loss, that are payable to Lender under policies containing standard mortgagee clauses, and deliver evidence of the Required Insurance Coverages in a form acceptable to Lender before execution of this deed of trust and again at least ten days before the expiration of the Required Insurance Coverages.

*B.2.*     Grantor agrees to-

   a.   keep the Property in good repair and condition;
   b.   pay all taxes and assessments on the Property before delinquency, not authorize a taxing entity to transfer its tax lien on the Property to anyone other than Lender, and not request a deferral of the collection of taxes pursuant to section 33.06 of the Texas Tax Code;
   c.   defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;
   d.   obey all laws, ordinances, and restrictive covenants applicable to the Property;
   e.   keep any buildings occupied as required by the Required Insurance Coverages;
   f.   if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and
   g.   notify Lender of any change of address.

**C.     Lender's Rights**

*C.1.*     Lender or Lender's mortgage servicer may appoint in writing one or more substitute trustees, succeeding to all rights and responsibilities of Trustee.

*C.2.*     If the proceeds of the Obligation are used to pay any debt secured by prior liens, Lender is subrogated to all the rights and liens of the holders of any debt so paid.

*C.3.*     Lender may apply any proceeds received under the property insurance policies covering the Property either to reduce the Obligation or to repair or replace damaged or destroyed improvements covered by the policy. If the Property is Grantor's primary residence and Lender reasonably determines that repairs to the improvements are economically feasible, Lender will make the property insurance proceeds available to Grantor for repairs.

3

C:\Users\NFederic\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\5OT2A8PB\LMOkubo.Giron.5405MontoyaDrive.DOT (003).docx

*C.4.* Notwithstanding the terms of the Note to the contrary, and unless applicable law prohibits, all payments received by Lender from Grantor with respect to the Obligation or this deed of trust may, at Lender's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Lender with respect to the Obligation, to be applied to late charges, principal, or interest in the order Lender in its discretion determines.

*C.5.* If Grantor fails to perform any of Grantor's obligations, Lender may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

*C.6.* *COLLATERAL PROTECTION INSURANCE NOTICE*

In accordance with the provisions of section 307.052(a) of the Texas Finance Code, the Beneficiary hereby notifies the Grantor as follows:

(A) the Grantor is required to:

   (i) keep the collateral insured against damage in the amount the Lender specifies;

   (ii) purchase the insurance from an insurer that is authorized to do business in the state of Texas or an eligible surplus lines insurer; and

   (iii) name the Lender as the person to be paid under the policy in the event of a loss;

(B) the Grantor must, if required by the Lender, deliver to the Lender a copy of the policy and proof of the payment of premiums; and

(C) if the Grantor fails to meet any requirement listed in Paragraph (A) or (B), the Lender may obtain collateral protection insurance on behalf of the Grantor at the Grantor's expense.

*C.7.* If a default exists in payment of the Obligation or performance of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Lender may-

   a. declare the unpaid principal balance and earned interest on the Obligation immediately due;

   b. exercise Lender's rights with respect to rent under the Texas Property Code as then in effect;

   c. direct Trustee to foreclose this lien, in which case Lender or Lender's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

   d. purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Obligation.

*C.8.* Lender may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

**D.** **Trustee's Rights and Duties**

4

If directed by Lender to foreclose this lien, Trustee will-

    *D.1.*    either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

    *D.2.*    sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to the Prior Lien and to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;

    *D.3.*    from the proceeds of the sale, pay, in this order-

    a.    expenses of foreclosure, including a reasonable commission to Trustee;

    b.    to Lender, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

    c.    any amounts required by law to be paid before payment to Grantor; and

    d.    to Grantor, any balance; and

    *D.4.*    be indemnified, held harmless, and defended by Lender against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

**E.**    **General Provisions**

    *E.1.*    If any of the Property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

    *E.2.*    Recitals in any trustee's deed conveying the Property will be presumed to be true.

    *E.3.*    Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

    *E.4.*    This lien will remain superior to liens later created even if the time of payment of all or part of the Obligation is extended or part of the Property is released.

    *E.5.*    If any portion of the Obligation cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

    *E.6.*    Grantor assigns to Lender all amounts payable to or received by Grantor from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property. After deducting any expenses incurred, including attorney's fees and court and other costs, Lender will either release any remaining amounts to Grantor or apply such amounts to reduce the Obligation. Lender will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Lender notice of any actual or threatened proceedings for condemnation of all or part of the Property.

    *E.7.*    Grantor collaterally assigns to Lender all present and future rent from the Property and its proceeds. Grantor warrants the validity and enforceability of the assignment. Grantor will apply all rent to

5

C:\Users\NFederic\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\5OT2A8PB\LMOkubo.Giron.5405MontoyaDrive.DOT (003).docx

payment of the Obligation and performance of this deed of trust, but if the rent exceeds the amount due with respect to the Obligation and the deed of trust, Grantor may retain the excess. If a default exists in payment of the Obligation or performance of this deed of trust, Lender may exercise Lender's rights with respect to rent under the Texas Property Code as then in effect. Lender neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the Property. Lender may exercise Lender's rights and remedies under this paragraph without taking possession of the Property. Lender will apply all rent collected under this paragraph as required by the Texas Property Code as then in effect. Lender is not required to act under this paragraph, and acting under this paragraph does not waive any of Lender's other rights or remedies.

*E.8.* Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

*E.9.* In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

*E.10.* Grantor may not cause or permit any Property to be encumbered by any liens, security interests, or encumbrances other than the liens securing the Obligation and the liens securing ad valorem taxes not yet due and payable, without the prior written consent of Lender. If granted, consent may be conditioned upon Grantor's executing, before granting such lien, a written modification agreement containing any terms Lender may require, such as a principal pay down on the Obligation, an increase in the rate of interest payable with respect to the Obligation, an approval fee, or any other modification of the Note, this deed of trust, or any other instruments evidencing or securing the Obligation.

Grantor may not grant any lien, security interest, or other encumbrance (a "Subordinate Instrument") covering the Property that is subordinate to the liens created by this deed of trust without the prior written consent of Lender. If granted, consent may be conditioned upon the Subordinate Instrument's containing express covenants to the effect that-

    a.     the Subordinate Instrument is unconditionally subordinate to this deed of trust;

    b.     if any action is instituted to foreclose or otherwise enforce the Subordinate Instrument, no action may be taken that would terminate any occupancy or tenancy without the prior written consent of Lender, and that consent, if granted, may be conditioned in any manner Lender determines;

    c.     rents, if collected by or for the holder of the Subordinate Instrument, will be applied first to the payment of the Obligation then due and to expenses incurred in the ownership, operation, and maintenance of the Property in any order Lender may determine, before being applied to any indebtedness secured by the Subordinate Instrument;

    d.     written notice of default under the Subordinate Instrument and written notice of the commencement of any action to foreclose or otherwise enforce the Subordinate Instrument must be given to Lender concurrently with or immediately after the occurrence of any such default or commencement; and

6

C:\Users\NFederic\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\5OT2A8PB\LMOkubo.Giron.5405MontoyaDrive.DOT (003).docx

e. in the event of the bankruptcy of Grantor, all amounts due on or with respect to the Obligation and this deed of trust will be payable in full before any payments on the indebtedness secured by the Subordinate Instrument.

*E.11.* If Grantor transfers any part of the Property without Lender=s prior written consent, Lender may declare the Obligation immediately payable and invoke any remedies provided in this deed of trust for default. If the Property is residential real property containing fewer than five dwelling units or a residential manufactured home, this provision does not apply to (a) a subordinate lien or encumbrance, with Lender=s consent, that does not transfer rights of occupancy of the Property; (b) creation of a purchase-money security interest for household appliances; (c) transfer by devise, descent, or operation of law on the death of a co-Grantor; (d) grant of a leasehold interest of three years or less without an option to purchase; (e) transfer to a spouse or children of Grantor or between co-Grantors; (f) transfer to a relative of Grantor on Grantor=s death; (g) a transfer resulting from a decree of a dissolution of marriage, a legal separation agreement, or an incidental property settlement agreement by which the spouse of Grantor becomes an owner of the Property; or (h) transfer to an inter vivos trust in which Grantor is and remains a beneficiary and occupant of the Property.

*E.12.* When the context requires, singular nouns and pronouns include the plural.

*E.13.* The term Note includes all extensions, modifications, and renewals of the Note and all amounts secured by this deed of trust.

*E.14.* This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

*E.15.* If Grantor and Borrower are not the same person, the term Grantor includes Borrower.

*E.16.* Grantor and each surety, endorser, and guarantor of the Obligation waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, and (f) notice of protest.

*E.17.* Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Lender's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

*E.18.* If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

*E.19.* The term Lender includes any mortgage servicer for Lender.

*E.20.* Grantor represents that this deed of trust and the Note are given for the following purposes: the purchase of residential property.

*E.21* Except as is otherwise provided herein, Grantor agrees to make an initial deposit in a reasonable amount to be determined by Lender and then make monthly payments to a fund for taxes and insurance premiums on the Property. Monthly payments will be made on the payment dates specified in the Note, and each payment will be one-twelfth of the amount that Lender estimates will be required annually for payment of taxes and insurance premiums. The fund will accrue no interest, and Lender will hold it without bond in escrow and use it to pay the taxes and insurance premiums. If Grantor has complied with the requirements of this paragraph, Lender must pay taxes before delinquency. Grantor agrees to make additional deposits on demand if the fund is ever insufficient for its purpose. If an excess accumulates in the fund, Lender may either credit it to future monthly deposits until the excess is exhausted or refund it to

7

Grantor. When Grantor makes the final payment on the Note, Lender will credit to that payment the whole amount then in the fund. If this deed of trust is foreclosed, any balance in the fund over that needed to pay taxes, including taxes accruing but not yet payable, and to pay insurance premiums will be paid under section D, "Trustee's Rights and Duties." Deposits to the fund described in this paragraph are in addition to the monthly payments provided for in the Note. Grantor shall have the option to purchase Collateral Protection Insurance that complies with Section C.6 of this Deed of Trust, and to pay the insurance premiums therefor directly to the insurance company. Should Grantor do so, Grantor shall provide proof of such insurance to Lender prior to the termination of any previous such insurance.

Signed this the 22 day of Jun, 2020.

_____
BENJAMIN JOE GIRON

THE STATE OF TEXAS )
)
COUNTY OF EL PASO )

BEFORE ME, the undersigned authority, on this day personally appeared BENJAMIN JOE GIRON, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the for the purposes and consideration therein expressed.

GIVEN UNDER MY AND HAND AND SEAL OF OFFICE, on this the 22 day of Jun, 2020.

_____
Notary Public in and for the State of Texas
My commission expires: 2/15/22

NORMA C. FEDERICO
Notary Public, State of Texas
Comm. Expires 02-15-2022
Notary ID 6232757

8

Doc # 20200006163
#Pages 8 #NFPages 1
01/23/2020 11:37 AM
Filed & Recorded in
Official Records of
El Paso County
Delia Briones
County Clerk
Fees $54.00

eRecorded

I hearby certify that this instrument was filed on the date and time stamped
heron by me and was duly recorded by document number in the Offical
Public Records of real Property in El Paso County.

 *Delia Briones*

EL PASO COUNTY, TEXAS

Label Matrix for local noticing
0542-3
Case 20-03115-hcm
Western District of Texas, El Paso

Anderson, Bright & Associates, PC
Attn.: Steven E. Anderson
1533 N. Lee Trevino Dr., Suite 205
El Paso, Texas 79936-5161

Amex Express National Bank
c/o Becket & Lee, LLP
P. O. Box 3001
Malvern, PA 19355-0701

Applied Bank
4700 Exchange Court
Boca Raton, FL 33431-4450

Capital One
P. O. Box 71083
Charlotte, NC 28272-1083

Capital One
P. O. Box 30281
Salt Laek City, UT 84130-0281

Capital One (USA), N.A.
4514 N. Santa Fe Avenue
Oklahoma city, OK 73118

Capital One Bank (USA), N.A.
By American InfoSource as agent
P. O. Box 71083
Charlotte, NC 28272-1083

CBNA
Attn: Centralized Bankruptcy
P. O. Box 790034
St. Louis, MO 63179-0034

Cbusasears
P. O. Box 6217
Sioux Falls, SD 57117-6217

Comenity Bank/Express
Attn.: Bankruptcy
P. O. Box 182125
Columbus, OH 43218-2125

Credit One Bank
P. O. Box 98872
Las Vegas, NV 89193-8872

El Paso Electric Company
P. O. Box 650801
Dallas, TX 75265-0801

El Paso National Mortgage, LLC
444 Executive Center Blvd., Suite 240
El Paso, Texas 79902-01039

El Paso Water
P. O. Box 511
El Paso, Texas 79961-0511

Equity Trust Company
Custodian FBO Charles J. Horak, Jr., IRA
8900 Mettler Drive
El Paso, Texas 79925-4047

Robert R. Feuille
Scott Hulse
P. O. Box 99123
El Paso, Texas 79999-9123

First National Bank/Legacy
Attn.: Bankruptcy
P. O. Box 5097
Sioux Falls, SD 57117-5097

First Premier Bank
Attn.: Bankruptcy
P. O. Box 511
El Paso, Texas 79961-0511

Fortiva
Attn.: Bankruptcy
P. O. Box 105555
Atlanta, GA 30348-5555

GECU
Attn.: Bankruptcy
P. O. Box 20998
El Paso, Texas 799989-0998

(p) Internal Revenue Service
Centralized Insolvency Operations
P. O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
P. O. Box 7346
Philadelphia, PA 19101-7346

Joe T. Meraz - c/o James W. Brewer
Kemp Smith, LLP
P. O. Box 2800
El Paso, Texas 79901-01401

L&M Okubo Management & Services, LLC
c/o Mills Escrow Company
906 North Mesa Street, Suite 101
El Paso, Texas 79902-4080

Las Cruces Utilities
P. O. Box 20000
Las Cruces, NM 88004-9002

MDJJ Real Estate, LLC
5862 Cromo Drive, Suite 100
El Paso, Texas 799125510

McKenzie Paul & Associates
111 W. Anderson Lane, Suite 8350
Austin, Texas 78752-1136

Mills Escrow Company
906 Mesa Street, Suite 101
El Paso, Texas 79902-4080

PRA Receivables Management, LLC
P. O. Box 41021
Norfolk, VA 23541-1021

Regional Fin
500 North Oregon
El Paso, Texas 79901-1121

Regional Management Corporation
979 Batesville Road, Suite B
Greer, SC 29651-6819

Stuart C. Cox, Chapter 13 Trustee
1760 N. Lee Trevino Drive, Suite A
El Paso, Texas 79936-4566

Syncb/ccdstr
Attn.: Bankruptcy
P. O. Box 965060
Orlando, FL 32896-5060

Syncb/hhgreg
Attn.: Bankruptcy
P. O. Box 965060
Orlando, FL 32896-5060

Syncb/Sunglass Hut
Attn.: Bankruptcy
P. O. Box 965060
Orlando, FL 32896-5060

Syncb/Gap
Attn.: Bankruptcy
P. O. Box 965060
Orlando, FL 32896-5060

Syncb/Lowes
Attn.: Bankruptcy
P. O. Box 965060
Orlando, FL 32896-5060

TRS Recovery Services, Inc.
1600 Terrell Mill Road, SE
Marietta, GA 30067-8307

U.S. Bankruptcy Court
511 E. San Antonio Avenue, Room 444
El Paso, Texas 79901-2417

United States Trustee
615 E.Houston, Suite 533
San Antonio, Texas 78205-2055

United States Trustee - EP12
U.S. Trustee's Office
615 E. Houston, Suite 533 / PO Box 1539
San Antonio, Texas 78295-1539

Uprising Investments
5862 Cromo Drive, Suite 100
El Paso, Texas 79912-5510

Volkswagen Credit, Inc.
Attn.: Bankruptcy
P. O. Box 3
Willboro, OR 97123-0003

Westar Pacific Mortgage
P. O. Box 32950
Phoenix, AZ 85064-2950

Timothy V. Daniel
Timothy V. Daniel, P.C.
603 Mississippi Avenue
El Paso, Texas 79902-2415

The preferred mailing address (p) above has been substituted for the following entity as so specified by said entity in a Notice of Address filed pursuant to 11 USC 342(f) and Fed.R.Bank P. 202(g)(4): Internal Revenue Service, P. O. Box 1301, Charlotte, NC 28201-1301